IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN HERRMANN, CONCHITA HERRMANN, §<br>§<br>*Plaintiffs,* §<br>§<br>vs. §<br>§<br>WILLIAM SQUIRES, III, WILLIAM OLD, III, JOSHUA RAY, HARVEY FAULKNER, UNIDENTIFIED MEN, TODD FRIESENHAHN, §<br>§<br>§<br>§<br>*Defendants.* § | SA-25-CV-00561-OLG |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

Before the Court is the above-styled cause of action, which was automatically referred to the undersigned upon filing for disposition and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). Prior to the undersigned completing review under § 1915(e), the case was referred to the undersigned for all pretrial proceedings [#21]. The undersigned previously granted Plaintiff John Herrmann's motion to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs associated with this case [#13]. The undersigned also ordered Plaintiffs to file a More Definite Statement [#13]; they filed a More Definite Statement on June 20, 2025 [18], and an Amended More Definite Statement on June 21, 2025 [#19]. Based on these new filings, the undersigned will recommend that Plaintiffs' proposed Complaint be dismissed pursuant to 28 U.S.C. § 1915(e). The Court will also grant Plaintiff John Herrmann's Application

1

for Permission to File Electronically[1] [#11] and recommend that Defendants' Rules 12(b)(4) And 12(b)(5) Motion To Quash Service And To Dismiss[2] [#16] be dismissed as moot.

## I. Background

Plaintiffs' Proposed Complaint [#1-1] and Amended More Definite Statement [#19] consist of allegations related to foreclosure and eviction actions. (Proposed Complaint [#1-1], at 4.) They claim that Defendants William Squires, III, William Old, III, and Todd Friesenhahn ("the Judicial Defendants") are judges for Guadalupe County, Texas, who allowed the "fraudulent" foreclosure of their home in March 2025. (Proposed Complaint [#1-1], at 15–16; Am. More Definite Statement [#19], at 9.) In April 2025, Plaintiffs were forcibly evicted from their home by Defendants Sheriff Joshua Ray, Constable Harvey Faulkner, and other "unidentified men." (Am. More Definite Statement [#19], at 2, 9.) They seek $10,000,000 in damages for violations of multiple constitutional amendments and federal statutes.

## II. Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This court is "vested with especially broad discretion" in making the determination of

---

[1] There is a duplicate motion at Docket No. 12. The undersigned will dismiss the motion as moot.

[2] The Defendants' Motion to Dismiss [#16] was stylized as being on behalf of all five Defendants. The attorney who filed this motion has since filed an advisory [#20] that he is not representing Judge Old and that the motion should be disregarded as to Judge Old.

whether an IFP proceeding is frivolous or fails to state a claim. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

A.   **The claims against the Judicial Defendants should be dismissed.**

Plaintiffs allege that Defendants William Squires, III, William Old, III, and Todd Friesenhahn are judges for Guadalupe County, Texas. (Proposed Complaint [#1-1], at 15–16.) Plaintiffs, seeking damages, claim that each judge signed orders "based on fraud, despite overwhelming, irrefutable evidence" in favor of foreclosure on their home. (Proposed Complaint [#1-1], at 15–16, 23.) The undersigned informed Plaintiffs in its June 16, 2025 Order [#13] that judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is not overcome even by allegations of bad faith or malice. *Id.*

Plaintiffs argue in their Amended More Definite Statement that the "Supreme Court has held judges lack immunity from prosecution for violating constitutional rights under 18 U.S.C. § 242." (Am. More Definite Statement [#19], at 1.) But 18 U.S.C. § 242 is a criminal statute, meaning it is enforced by prosecutors—private citizens like Plaintiffs may not enforce this statute. *See Gill v. State of Tex.*, 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam) (holding that 18 U.S.C. § 242 "do[es] not provide a basis for civil liability").

Plaintiffs also argue that judicial immunity is not absolute and does not protect judges "when their actions infringe upon constitutional guarantees." (Am. More Definite Statement [#19], at 1.) Again, this is incorrect. The only two exceptions to absolute judicial immunity are: (1) if the actions alleged were "not taken in the judge's judicial capacity," and (2) if judicial action was "taken in complete absence of all jurisdiction." *Waco*, 502 U.S. at 11–12. Neither of these exceptions apply here, where the alleged facts (1) relate to actions taken in the Judicial

Defendants' judicial capacities and (2) relate to foreclosure proceedings, an area of the law clearly within the purview of state courts. *See Roberts v. Cameron-Brown Co.*, 556 F.2d 356 (5th Cir. 1977) ("[M]ortgage foreclosure has traditionally been a matter for state courts and state law."). There is no exception for constitutional claims or for claims that a judicial action was incorrect. *Stump v. Sparkman*, 435 U.S. 349, 356, 361 (1978). The Court should therefore dismiss Plaintiffs' case against the Judicial Defendants for failure to state a claim upon which relief could be granted.

**B.     The claims against the remaining Defendants related to foreclosure and eviction should be dismissed.**

The remaining Defendants are Joshua Ray, Harvey Faulkner, and "unidentified men." Plaintiffs allege that Joshua Ray is the Sheriff of Guadalupe County and that Harvey Faulkner and other "unidentified men" were constables who "carri[ied] out" Sheriff Ray's orders.[3] (Am. More Definite Statement [#19], at 2.) Plaintiffs claim that Sheriff Ray "allowed the events of the void orders from [the Judicial Defendants] to proceed." (Am. More Definite Statement [#19], at 2.) They allege that Constable Faulkner and the "unidentified men" conducted an "unlawful trespass and breach of [Plaintiffs'] private property." (Proposed Complaint [#1-1], at 17.) In their Amended More Definite Statement, Plaintiffs stated that these Defendants "violently and destructively breach[ed] [their] home." (Am. More Definite Statement [#19], at 9.) These claims should also be dismissed for failing to state a claim upon which relief could be granted.

Plaintiffs have alleged that Defendants Ray, Faulkner, and "unidentified men" acted based on the Judicial Defendants' orders. (Am. More Definite Statement [#19], at 9–10.) Just as judges have absolute immunity, "government officials in their execution of facially valid judicial

---

[3] Defendants' Motion to Dismiss states that Harvey Faulkner is the Guadalupe County Constable for Precinct Four. (Mot. to Dismiss [#16], at 1 n.5.)

orders entered by a court of competent jurisdiction" also have absolute immunity. *Mays v. Sudderth*, 97 F.3d 107, 112 (5th Cir. 1996) (citing *Erskine v. Hohnbach*, 81 U.S. 613, 613 (1871)).[4] More specifically, law enforcement officers "have absolute immunity for enforcing the terms of a court order but only qualified immunity for the manner in which they choose to enforce it." *In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002). Thus, any claims arising out Defendants Ray, Faulkner, and "unidentified men" simply carrying out an eviction order are barred by absolute immunity and should be dismissed.

Plaintiffs could try to argue that they are contesting "the manner in which" these Defendants enforced the eviction order, which would mean they have only qualified immunity, not absolute immunity. *See id.* But the allegations relating to how Defendants Ray, Faulkner, and "unidentified men" effectuated the eviction also fail to state a claim upon which relief could be granted. Plaintiffs allege that these law enforcement officers "violently and destructively breach[ed] [their] home." (Am. More Definite Statement [#19], at 9.) These allegations solely relate to the *home*—not Plaintiffs themselves. For example, Plaintiffs do not allege that excessive force used during the eviction caused *them* injuries. Rather, the only damage claimed is to the property, and at that point in time, the property had already been foreclosed upon, and Plaintiffs therefore no longer had ownership interests in it. (Am. More Definite Statement [#19], at 9.) Plaintiffs cannot recover for damage to a property that they no longer had an interest in. *See Nguyen v. Fed. Nat'l Mortg. Ass'n*, 958 F. Supp. 2d 781, 794 (S.D.T.X. 2013) ("The plaintiffs lost the interest they could claim in the property when the defendants foreclosed. . . ."). There are therefore no claims against Defendants Ray, Faulkner, and "unidentified men" related to the

---

[4] This rule is because "[e]nforcing or executing a court order is intrinsically associated with a judicial proceeding." Id. (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).

5

foreclosure and eviction for which this Court could grant relief, so these claims should be dismissed.

C.     The other remaining claims in the Proposed Complaint should be dismissed.

Finally, Plaintiffs' Proposed Complaint [#1-1] makes passing references to violations of the Second Amendment right to bear arms, Fifth Amendment right against self-incrimination, Eighth Amendment right against excessive bail, excessive fines, and cruel and unusual punishment, and Thirteenth Amendment right to be free from involuntary service without first being convicted of a crime. (Proposed Compl. [#1-1], at 18–19.) These claims should also be dismissed.

As to the Fifth Amendment claim, Plaintiff John Herrmann contends that he "was forced under duress to provide fingerprints, a photograph, and swabs of his DNA, without any due process or conviction" in violation of the right against self-incrimination.[5] (Proposed Compl. [#1-1], at 18.) But fingerprinting, photographing, and taking a DNA sample from a suspect who was arrested based on probable cause does not violate the right against self-incrimination. *See U.S. v. Gibson*, 444 F.2d 275, 277 (5th Cir. 1971) (holding that the "taking of a fingerprint exemplar after arrest without counsel being present does not violate one's Fifth Amendment privilege against self-incrimination"); *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989) (holding that photographing a suspect after an arrest does not violate the right against self-incrimination; *Schmerber v. Cal.*, 384 U.S. 757, 761 (1966) (holding that the right against self-incrimination protects only against "being compelled to testify against himself, or otherwise

---

[5] Plaintiff John Herrmann also asserts that these actions violated the Privacy Act, 5 U.S.C. § 552a. The Privacy Act solely applies to <u>federal</u> agencies; he therefore cannot bring such a claim against state or local law enforcement. *See* 5 U.S.C. §§ 552a, 552(e) (defining the term "agency" to "include[] any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government.").

6

provide the State with evidence of a testimonial or communicative nature," which does not include bodily fluids). The Fifth Amendment claim for violation of the right against self-incrimination should therefore be dismissed.

As to Plaintiffs' claims for violations of the Second Amendment, Eight Amendment, and Thirteenth Amendment, neither Plaintiffs' Proposed Complaint nor their Amended More Definite Statement includes any specific facts as to *how* these rights were violated or how any of the named Defendants were involved. Plaintiffs therefore fail to state claim for these claims, as well, and they should be dismissed.

### III.   Recommendation and Orders

Having considered Plaintiffs' Proposed Complaint [#1-1] and Amended More Definite Statement [#19] under the standards set forth in 28 U.S.C. § 1915(e), the undersigned recommends that Plaintiffs' Complaint be **DISMISSED** for failure to state a claim pursuant to Section 1915(e) and that Defendants' Rules 12(b)(4) And 12(b)(5) Motion To Quash Service And To Dismiss [#16] be **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED THAT** Plaintiff John Herrmann's Application for Permission to File Electronically [#11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff John Herrmann's Application for Permission to File Electronically [#12] is **DISMISSED AS MOOT**.

### IV.   Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 21st day of July, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE